IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SALADIN RUSHDAN,

      Plaintiff,                               No. 2:12-cv-0562 MCE CKD P

   vs.

HAMKAR, et al.,

      Defendants.                 <u>ORDER</u>

                                      /

          Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, who seeks relief pursuant to 42 U.S.C. § 1983. On May 1, 2012, the court found that, for screening purposes, plaintiff stated an Eighth Amendment deliberate indifference claim against five defendants on the CSP-Sacramento medical staff. (Dkt. No. 6 at 8.) On October 19, 2012, defendants filed a motion to dismiss this action. (Dkt. No. 19.)

          Before the court is plaintiff's November 7, 2012 motion for a temporary restraining order, in which he asserts that, in addition to suffering from delayed medical treatment, he has been denied single-cell status; has been transferred twice; and his typewriter has been thrown in the trash. (Dkt. No. 21 at 3.) He alleges that unnamed prison officials have "retaliated and obstructed [his] access to the courts." (<u>Id</u>. at 4.) Plaintiff's requested relief includes timely medical care, access to tweezers, to be single-celled for the duration of his medical treatment, and

1

for prison officials to "desist from further transfers" while this action is pending. (Id. at 6-7.)

The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent, however, that requests for temporary restraining orders which are not ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

Here, much of plaintiff's motion for injunctive relief has nothing to do with the operative claims in this case. Rather, it concerns alleged retaliation by unnamed officials, and how prison transfers and double-cell status have caused hardship to plaintiff.[1] Insofar as plaintiff

---

[1] Plaintiff also seeks to be provided with a double mattress, extra blankets, and a waist chain chrono. However, none of these requests relate directly, if at all, to the allegations in the complaint. (Dkt. No. 21 at 7.)

does not seek medical treatment for his keloids, his request for injunctive relief is beyond the scope of the case or controversy before this court. See Benyamini v. Manjuano, 2011 WL 4963108 (E.D. Cal. Oct. 18, 2011) ("This Court lacks jurisdiction to issue an order requiring prison officials to transfer [plaintiff] based on retaliatory acts occurring after this action was filed, because the Court does not have such a case or controversy before it in this action. [Citations.]") Moreover, in Meachum v. Fano, 427 U.S. 215 (1976), the United States Supreme Court explicitly held that prisoners do not have a constitutional right to be housed at a particular prison within a state's prison system. See also Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) ("An inmate's liberty interests are sufficiently extinguished by his conviction so that the state may change his place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another.").

Plaintiff also requests that defendants "return Plaintiff on time for medical care [and] follow Dr. Grekin's orders[.]" (Dkt. No. 21 at 6.) However, plaintiff's motion does not demonstrate a likelihood of success on the merits of his Eighth Amendment claims, and indeed does not address the actions of particular defendants. Instead, plaintiff seeks injunctive relief from unnamed prison and CDCR officials against whom the complaint was not found to state a claim. (Id. at 3.) Nor has plaintiff shown the possibility of irreparable injury or that the balance of hardships tips in his favor.

Accordingly, IT IS HEREBY ORDERED THAT plaintiff's motion for temporary restraining order (Dkt. No. 21) is denied for the reasons set forth above.

Dated: November 27, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
rush0562.tro