IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SALADIN RUSHDAN,

      Plaintiff,                        No.  2:12-cv-0562 MCE CKD P

    vs.

HAMKAR, et al.,

      Defendant.                  ORDER

_____/

        On October 9, 2012, defendants filed a motion to dismiss this action.  (Dkt. No. 19.)  After being granted an extension of time to oppose the motion (Dkt. No. 24), plaintiff filed an opposition on December 6, 2012.  (Dkt. No. 26.)  On December 14, 2012, defendants filed a reply.  (Dkt. No. 28.)

        On December 26, 2012, plaintiff filed a "motion of correction" stating that he "did not personally submit any . . . response" to defendants' motion to dismiss.  Rather, a "paralegal" who was assisting him filed the motion without showing it to plaintiff.[1]  (Dkt. No. 33.)  Plaintiff seeks additional time to "correct any errors and contact the paralegal assistant before moving

---

[1] Plaintiff notes that recently he has been transferred twice and spent time in "the hole," and his legal mail has been delayed.  He suggests this resulted in some confusion on the part of the person assisting him. (Dkt. No. 33 at 2.)

1

1 forward." (Id. at 3.) Plaintiff has also filed a motion for a sixty-day extension of time to respond
2 to defendants' motion to dismiss. (Dkt. No. 31.)

3       The court advises plaintiff that it is his responsibility to manage his filings in this
4 litigation. It is burdensome for defendants and the court to respond to filings that were
5 "accidentally" made on plaintiff's behalf. Under the circumstances, however, the court will grant
6 plaintiff an additional 30 days to file a sur-reply to defendants' motion – i.e., another brief
7 arguing against defendants' motion. Defendants are not required to respond.

8       In addition, plaintiff has requested the appointment of counsel. (Dkt. No. 29.)
9 The United States Supreme Court has ruled that district courts lack authority to require counsel
10 to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S.
11 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary
12 assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017
13 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present
14 case, the court does not find the required exceptional circumstances. Plaintiff's request for the
15 appointment of counsel will therefore be denied.

16       Accordingly, IT IS HEREBY ORDERED that:

17       1. Plaintiff's December 20, 2012 request for the appointment of counsel (Docket
18 No. 29) is denied;

19       2. Plaintiff's December 20, 2012 motion for an extension of time (Dkt. No. 31) is
20 partially granted to the following extent: Plaintiff is granted thirty days from the date of this order
21 to file a sur-reply to defendants' October 19, 2012 motion to dismiss.

22 ////
23 ////
24 ////
25 ////
26 ////

3. Plaintiff's December 26, 2012 "motion of correction" (Dkt. No. 33) is partially granted by the relief set forth in (2).

Dated: January 24, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / rush0562.misc