UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT STANLEY WOODS aka SALADIN RUSHDAN,<br><br>Plaintiff,<br><br>v.<br><br>HAMKAR, et al.,<br><br>Defendants. | No. 2:12-cv-00562 MCE CKD P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se in this civil rights action that was filed pursuant to 42 U.S.C. § 1983 and was closed on March 30, 2016. Currently pending before the court is plaintiff's motion for enforcement of the settlement agreement and request to hold defendants in contempt of court. ECF No. 124. Defendants have not filed a response. For the reasons explained herein, the court will deny plaintiff's motion.

**I.   Procedural History**

This action was commenced on March 2, 2012 against five physicians at California State Prison-Sacramento alleging deliberate indifference to plaintiff's ongoing medical needs for his keloidal condition in violation of the Eighth Amendment. See ECF No. 6 (screening order). The parties reached a settlement agreement on or about February 16, 2016 and the case was voluntarily dismissed with prejudice on March 29, 2016 pursuant to the terms of the settlement agreement. See ECF No. 117. The court retained jurisdiction to enforce the settlement

1

agreement for a period of twelve months "from the date the agreement is executed by all parties…." See ECF No. 124 at 7.  On August 11, 2016, the court denied plaintiff's prior motion to enforce the settlement agreement.  ECF No. 123.

On December 11, 2018, plaintiff filed a second motion to enforce the terms of the settlement agreement including a request that defendants be held in contempt of court.  ECF No. 124.  The motion describes several prison transfers that have occurred to plaintiff after the settlement agreement was reached.  Id. at 1-2.  Although plaintiff was dissatisfied with the medical care he received at California Men's Colony-East[1], he was willing to "sign a disclaimer that would allow Plaintiff to be seen by any dermatologist not just one on CDCR's list" in order to remain at that prison which offers "Parole Board accredited programs that would help Plaintiff gain a parole date."  Id. at 2.  Plaintiff also indicates that his transfer out of CMC-East would result in him losing a single cell as well as "many personal items."  Id. at 3.  By way of relief, plaintiff requests a court order preventing his transfer from CMC-East and requiring the medical unit at that prison to "obey the settlement as written."  Id. at 4.  In the event of his transfer, plaintiff seeks $250,000 in damages against defendants.  Id.

A review of the docket in this case indicates that plaintiff was transferred to R.J. Donovan Correctional Facility on or about January 14, 2019.  ECF No. 125 (Notice of Change of Address).

## II.     Analysis

Based on the express terms of the settlement agreement in this case, the court no longer has jurisdiction to enforce the terms of the settlement.  See ECF No. 124 at 7.  The agreement provides that the court would retain jurisdiction for "twelve months from the date the agreement is executed by all parties…" which occurred on February 24, 2016.  Id.  Thus, the court was divested of jurisdiction to enforce the settlement agreement on February 24, 2017.  Plaintiff was not transferred to CMC-East until August 30, 2018.  ECF No. 124 at 2.  Even using this date as the purported breach of the settlement agreement, the court would not have jurisdiction over plaintiff's motion.  Moreover, it appears that plaintiff preemptively filed the motion to enforce the

---

[1] Hereinafter "CMC-East."

2

settlement agreement before he was actually transferred out of CMC-East. See ECF No. 125. As a result of the lack of jurisdiction, the court will deny plaintiff's motion.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for enforcement of the settlement agreement (ECF No. 124) is denied; and,
2. This case shall remain closed.

Dated: March 19, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/wood0562.motion2enforce.docx

3